No. 254
LOWE v. TIRE CLEARING HOUSE CO..
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5253. Decided Nov. 3, 1924

**313. CORPORATIONS**—

1. When corporate existence is at issue, each party has right to produce evidence on the subject.

2. Person deriving benefits from de facto corporation, is estopped from later questioning corporate existence.

SULLIVAN, J.

### Epitomized Opinion
Published only in Ohio Law Abstract

The Tire Clearing House Co. brought an ac-

## STATE COURT OF APPEALS—Continued

tion for breach of contract against one Lowe. The plaintiff secured a verdict for $9,500. Lowe then claimed that the plaintiff was a de facto corporation and could not maintain an action as a corporation. The plaintiff offered the articles of incorporation in evidence. Lowe attempted to cross examine upon the legal effect of the charter by propounding numerous questions as to whether certain statutory requirements have been fulfilled or complied with. The trial court refused to allow these questions upon the ground that the defendant was estopped to deny corporate capacity by reason of its contracting with the Tire Clearing House Co. In affirming the judgment of the lower court, the court of appeals held:

1. When an issue of corporate existence is made and evidence is offered to show corporate existence, it is error for the court to refuse to permit the attacking party to cross examine upon various regularities in forming said company.

2. When a contract has been made from which a party has derived benefits, estoppel applies.

Attorneys—Philip R. White for Lowe; David & Heald, for Tire Clearing House Co.; all of Cleveland.